# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RENARD McCLAIN,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN CARLOS BIVENS,<br><br>    Defendant. | Civil Action No.:  PWG-22-674 |

## MEMORANDUM OPINION

On April 19, 2022, Plaintiff Renard McClain filed an Amended Complaint and a Supplemental Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 5 and 6. McClain's Motions for Leave to Proceed in Forma Pauperis (ECF Nos. 2 and 6) shall be granted. The Amended Complaint must be dismissed for the reasons that follow.

In an Order dated March 22, 2022, this Court directed McClain to file an Amended Complaint that names specific Defendants whom he alleges are responsible for the asserted constitutional violations. ECF No. 3 at 2. Additionally, McClain was directed to describe the conditions at Roxbury Correctional Institution ("RCI") that are atypical and represent a significant hardship. *Id*. Lastly, McClain was directed to provide a description of how the administrative remedy procedure is not being administered properly. *Id*.

**I.   Standard of Review**

Under 28 U.S.C. § 1915(a)(1), an indigent litigant is permitted to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant

complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). It is not the function of this Court to construct a claim on a plaintiff's behalf. To determine if a Complaint or an Amended Complaint states a claim, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989). Application of these standards to McClain's Amended Complaint requires dismissal.

## II. Recreation and Conditions Claim

McClain names no new Defendants in his Amended Complaint and does not attribute the acts complained of to any specific person, including the only named Defendant, Warden Bivens. ECF No. 5 at 2-4. He simply states he has had "[n]o yard or fresh air since I came to this institution in October" and adds that he was transferred to RCI on October 22, 2021. *Id*. at 2-3. He states that there are "96 people on the tier and only ten (10) slots are given every other week, which causes a hardship and conflict because the list is not being rotated." *Id*. at 3. He also alleges there is "[d]iscrimination on recreation, visits, and mail is being given out weeks late" but provides no factual details regarding the discrimination. *Id*. at 2. McClain provides a list of dates in December and January on which he received "rec" on some shifts and did not receive it on others. *Id*. at 3-4. The only dates listed where no recreation was provided are December 30, 2021, and January 1,

2022.  *Id*.  McClain adds the maxim that "Prisons are required to serve food that is nutritious and prepared under clean conditions." *Id*. at 3, citing *Robles v. Coughlin*, 725 F.2d 12 (2nd Cir. 1983).[1] He fails to identify why this requirement is relevant to his claims.

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original) (citation omitted).  "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded.  *See Wilson*, 501 U.S. at 298-99.  In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).  Objectively, there must be an injury fairly traceable to the challenged conditions.  *See*

---

[1] The complaint in *Robles* alleged "starvation of inmates as well as contamination of food by correction officers." *Robles*, 725 F.2d at 15.  The Second Circuit Court of Appeals reviewed the District Court's *sua sponte* dismissal of the complaint and found that the complaint alleged a cognizable claim.

*Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of "a serious or significant physical or emotional injury resulting from the challenged conditions." *See Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 770).

McClain has not alleged an injury and the Amended Complaint provides conflicting allegations regarding access to recreation. The list of dates he provides, which exclude the months of October, November, February, and March, show only two dates where no recreation was provided. His assertion that the deprivation of *outside* recreation is an Eighth Amendment violation lacks any description of an injury that has befallen him as a result of being denied outside recreation. The Amended Complaint on its face fails to state an Eighth Amendment claim regarding recreation. Additionally, McClain's vague reference to food requirements is not enough to infer there is an issue with the food at RCI that is serious enough that it amounts to a deprivation of a basic human need.

**III.   Administrative Remedy Procedure**

With regard to the administrative remedy procedure, McClain asserts that the grievance coordinator is "not following policy" and that complaints filed under that procedure are "never investigated per policy and always dismissed for bogus reasons." ECF No. 5 at 2-3. McClain fails to recount any specific instance where he has been harmed by this failure to follow procedure, nor does he describe how Warden Bivens has somehow participated in the alleged unconstitutional conduct. A violation of prison policy alone does not state a Fourteenth Amendment due process violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Kitchen v. Ickes*, 116 F. Supp.

3d 613, 629 & n.6 (D. Md. 2015) (citing *Myers*). To the extent that McClain implies that Warden Bivens is liable because he is responsible for signing complaints filed under the administrative remedy procedure, the Warden's signature, without more, is not enough to state a claim against him. Without subjective knowledge, a prison official is not liable. *Farmer v. Brennan,* 511 U.S. 825, 846 (1994); *see Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (allegation that warden "rubber stamped" grievances was not enough to establish personal participation) citing *Whitington v.Ortiz,* 307 Fed, Appx. 179, 193 (10th Cir.2009) (unpublished) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations."). McClain's generalized claim regarding the lack of investigation into administrative complaints fails to state a claim.

When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious or fails to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). The Supreme Court has held that dismissal with or without prejudice for any of the grounds enumerated in § 1915(g) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020). Because this complaint is dismissed for failure to state a claim, the dismissal constitutes a strike. McClain is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

A separate Order follows.


5/18/2022_____             ____/S/_____
Date                                 Paul W. Grimm
                                     United States District Judge